# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

No. 09-30839
Summary Calendar

Charles R. Fulbruge III
Clerk

KEITH MASON and JEANINE MASON,

Plaintiffs-Appellants,

versus

AUTO CLUB FAMILY INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-9483

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Keith and Jeanine Mason appeal the denial of their motion under Federal Rule of Civil Procedure 60(b) for relief from a final judgment. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30839

I.

The Masons sued their homeowners' insurer, Auto Club Family Insurance Company ("Auto Club"),[1] alleging that it had failed to pay for covered damage to their house from Hurricane Katrina. The Masons were represented by James Larose, III, and Wayne E. Garrett. Auto Club moved for judgment on the pleadings, arguing that the policy excluded claims for the damages at issue.

On March 17, 2008, the district court issued a notice of hearing on Auto Club's motion and set the date for April 2, 2008. Counsel for the Masons did not file any memorandum in opposition to the motion, did not request a continuance, and did not file for an extension of time. On April 10, the court granted Auto Club's motion, noting the lack of opposition and observing that "[a] motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days."

Once again, plaintiffs' counsel did nothing in response. The court entered final judgment for Auto Club on May 20, 2008, dismissing the claims with prejudice and ordering the parties to bear their own costs.

On August 8, 2008, counsel for the Masons finally responded with a motion for relief under rule 60. Counsel explained their inaction up to that point by saying they had "misunderstood the purview of the motion" for judgment on the pleadings. Garret had suffered from cardiac illness since 2005, counsel claimed, but his condition had worsened in 2008, and as a result "certain matters [were] neglected and not responded to." Neither the rule 60 motion nor the accompanying memorandum offered an excuse for Larose's inaction.

The district court denied the motion. In November 2008, counsel moved for reconsideration, again seeking relief under rule 60(b)(1) for "excusable neglect," explaining that attorney Larose had not registered for the district court's

---

[1] The defendant was misidentified as "AAA Insurance Company" in the original petition.

No. 09-30839

email notification system until April 29, 2008. The motion did not explain the reason Larose had failed to register until then or to ask his co-counsel and office-mate Garrett for information about the crucial deadlines. The motion gave no explanation why Larose did nothing for the Masons' case in the three weeks between his registration and the court's final judgment order or why he waited more than two months after final judgment to register opposition to the motion for judgment.

The rule 60 motion did come with an attached affidavit, from Garrett's doctor, that only the most generous reader could call "supportive." The affidavit said only that Garrett had received a pacemaker implant in 2005, that he had complained about "weakness . . . sweating and swooning," and that changes were made to his medication *two days before* the filing of the rule 60 motion. The affidavit did not indicate that Garrett's condition had worsened in early 2008. It did not say whether Garrett was unable to work, then or at any earlier time.

The district court denied the rule 60 motion. The Masons appeal.

## II.

"[W]e recognize that the decision to grant or deny relief under [r]ule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."[2] *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.

---

[2] In a supplemental memorandum to the district court, the Masons argued that the "slight abuse" standard in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d, 396 (5th Cir. Unit A Jan. 1981), should apply. There, we noted that "where denial of relief [under rule 60(b)] precludes examination of the full merits of the cause, even a slight abuse may justify reversal." *Id.* at 402.

The Masons have not renewed that argument on appeal, so it is waived. Even if we were to consider it, the *Seven Elves* standard would be inappropriate here, because the district court addressed the merits of the motion for judgment before rendering judgment. Even if we did apply the *Seven Elves* standard, it would make no difference, because the Masons have not demonstrated even "slight abuse" by the district court.

No. 09-30839

1996) (en banc).  There is no abuse of discretion here.  In denying the rule 60(b) motion, the district court considered not only counsel's inexplicable and inexcusable neglect, but also the merits of the motion for judgment on the pleadings. The record indicates that the court was thorough, fair, and helpful.

AFFIRMED.